IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: STAGE DOOR DEVELOPMENT, INC., | ) ) ) | |
| Debtor, | ) ) | |
| WILLIAM C. CARN, III, Trustee in Bankruptcy for Stage Door Development, Inc., | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:08cv786-MHT (WO) |
| H. JACK MIZELL, | ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| JAMES TIMOTHY TURNER, | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| HON. DWIGHT H. WILLIAMS, et al., | ) ) ) | |
| Third-Party Defendants. | ) ) | |

OPINION AND ORDER

On July 3, 2008, H. third-party plaintiffs Jack Mizell and James Timothy Turner filed, within the context of an adversary proceeding in bankruptcy court, a pleading labeled "Affidavit of Negative Averment, Opportunity to Cure, And Counterclaim." This pleading, which is designated as a third-party complaint, makes several vague and confusing claims against Chief United States Bankruptcy Judge Dwight H. Williams as a result of his role presiding over the underlying bankruptcy proceedings. The case is now before the district court following Judge Williams's unopposed motion to withdraw reference, which this court granted on September 22, 2008.

Judge Williams now moves to dismiss all of the claims asserted against him by Mizell and Turner. Because Judge Williams retains absolute judicial immunity from these claims, and because the proper remedy for challenging the

actions of the bankruptcy judge would be an appeal, his motion is granted.


# I.

Mizell has filed a number of documents making various demands and allegations throughout the course of the bankruptcy proceedings.  On July 28, 2008, Mizell filed a "Demand for Payment" that named Judge Williams, among others, as a "Libelee" and sought $17,600,000,000.  On August 4, Mizell made a similar "Second Demand for Payment."  These demands for payment are presumably based on the third-party complaint, in which Mizell and Turner make a number of allegations.  These allegations include: "Dishonor in Commerce," "Theft or Attempted Theft of Private Property," "Abuse of Power," "Failure to respond as outlined herein," "Denial of Due Process," "extortion," and several others.  Each of these claims seeks damages of $2,000,000 from each third-party defendant.  The third-party complaint then sets forth the

terms of payment, including penalties for delay, applicable interest rates, and punitive damages.

Judge Williams argues that the third-party complaint and demands for payment, which curiously attempt to invoke admiralty jurisdiction, are "marked by quasi-legal gibberish" and are typical of "fraudulent commercial documents utilized to harass federal officials." Third-party Def.'s Motion to Dismiss at 4. Furthermore, he argues that the claims must be dismissed because he is protected by absolute judicial immunity from civil liability for judicial acts and omissions.

Mizell argues that Judge Williams "has volunteered to become a defendant in this case" because, in the course of the bankruptcy proceedings, he appointed a trustee to manage Stage Door Development, Inc., a radio broadcaster owned by Mizell. Moreover, Mizell contends, there can be no judicial immunity when a judge acts "under color of law." Third-party Pl.'s Response at 2. As a result,

Mizell "re-assert[s] the demand for payment from him."
Id.


                              II.

     It is a fundamental principle that judges, in
exercising their judicial authority, are not subject to
civil damages.  Stump v. Sparkmen, 435 U.S. 349, 356-57
(1978).  "Judges are entitled to absolute judicial
immunity from damages for those acts taken while they are
acting in their judicial capacity unless they acted in
the clear absence of all jurisdiction."  Bolin v. Story,
225 F.3d 1234, 1239 (11th Cir. 2000) (citations and
internal quotation omitted).  It is also well established
that this immunity extends to bankruptcy judges.
Boullion v. McClanahan, 639 F.2d 213 (5th Cir. Mar. 9,
1981)[*] (holding that trustee appointed by bankruptcy judge

---

     *    In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th
Cir. 1981) (en banc), the Eleventh Circuit Court of
Appeals adopted as binding precedent all of the decisions
of the former Fifth Circuit handed down prior to the
close of business on September 30, 1981.

                               5

was entitled to absolute immunity as an arm of the court).

In determining whether a judge's actions were taken while acting in a judicial capacity, courts consider whether: "(1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his or her judicial capacity." Coggins v. United States District Court for the Middle District of Alabama, 2008 WL 1929904 at *4 (M.D. Ala. April 28, 2008) (Hobbs, J.); see also Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). Here, Judge Williams was clearly acting within his jurisdiction as a bankruptcy judge, and the conduct in question amounted to nothing more than normal, lawful, and relatively common actions incident to bankruptcy proceedings. The events in question all occurred in open court or in written court orders, and

6

they all directly involved the pending bankruptcy matter.
Thus, Judge Williams is quite clearly entitled to
absolute immunity from the claims made in the third-party
complaint.

Portions of the third-party complaint, however, could
be read as seeking other forms of relief in addition to
civil damages.  Specifically, Mizell and Turner demand
that all third-party defendants "dismiss any and all
claims" against them and, apparently in the alternative,
furnish the "lawfully required Proof of Claim."  Third-
party Complaint, at 2-3.  As a penalty for failure to
meet these demands, Mizell and Turner seek damages.

However these claims are styled, it is clear that an
action against Judge Williams is an improper manner in
which to pursue their vindication.  Without commenting on
the actual merits of Mizell's and Turner's claims, if
Judge Williams has been in error in his official rulings
or in his handling of the bankruptcy proceedings, the
proper remedy is an appeal to the appropriate court that

7

adheres to the appropriate temporal and procedural requirements. As this court has held, "[t]he law does not subject a ... judge to suit by unsuccessful litigants." <u>Coggins</u>, 2008 WL 1929904, at *4.

Thus, Mizell and Turner fail to state a claim upon which this court can grant relief. Accordingly, Judge Williams's motion to dismiss all claims against him is granted. Because these claims cannot be cured, they are dismissed with prejudice.

DONE, this the 8th day of October, 2008.

<u>    /s/ Myron H. Thompson    </u>
UNITED STATES DISTRICT JUDGE